PARIENTE, J.,
concurring.
I fully concur in the majority opinion that Walls is entitled to a new evidentiary hearing pursuant to Hall v. Florida, — U.S. -, 134 S.Ct. 1986, 1990, 188 L.Ed.2d 1007 (2014). I write separately to express my belief that to fail to give Walls the benefit of Hall which disapproved of Cherry v. State, 959 So.2d 702 (Fla.2007), would result in a manifest injustice, which is an exception to the law of the ease doctrine. In State v. Owen, this Court held that it has the power to reconsider and correct erroneous rulings in exceptional circumstances, where reliance on the previous decision would result in manifest injustice, notwithstanding that such rulings have become the law of the case. 696 So.2d 715, 720 (Fla.1997). The Owen Court also held that an intervening decision by a higher court is one of the exceptional situations that this Court will consider when entertaining a request to modify the law of the case. Id.
Contrary to the dissent’s suggestions, this Court appropriately holds that Hall should be given retroactive effect. See Canady, J., dissenting op. at 351. The decision is not a mere evolutionary refinement in the law. Hall specifically held that Florida’s method for determining those who are ineligible for execution violates the Eighth Amendment:
The Florida statute, as interpreted by its courts, misuses IQ score on its own terms; and this, in turn, bars consideration of evidence that must be considered in determining whether a defendant in a capital case has an intellectual disability. Florida’s rule is invalid under the Constitution’s Cruel and Unusual Punishment Clause.
Hall, 134 S.Ct. at 2001.
Moreover, as this Court explained in Oats v. State, Hall changed the manner in which evidence of intellectual disability must be considered, stating: “[Cjourts must consider all three prongs in determining an intellectual disability, as opposed to relying on just one factor as dispositive ... because these factors are interdependent, if one of the prongs is relatively less strong, a finding of intellectual disability may still be warranted based on the strength of the other prongs.” Oats, 181 So.3d 457, 467-68 (Fla. 2015).
*348 Militating against the “ongoing threat of major disruption to the application of the death penalty resulting from giving retroactive effect to Hall,” not all capital defendants will be entitled to relief under Hall. See Canady, J., dissenting op. at 351. As this Court determined in an unpublished Order in the case of Rodriguez v. State, those defendants who did not timely raise a claim under Atkins v. Virginia, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002), and pursuant to Florida Rule of Criminal Procedure 3.203, should not be entitled to relief under Hall. Rodriguez, No. SC15-1278, 2016 WL 4194776 (Fla. Aug. 9, 2016). In that order, we stated:
Rodriguez, who had never before raised an intellectual disability claim, asserted that there was “good cause” pursuant to Rule 3.203(f) for his failure to assert a previous claim of intellectual disability and only after the United States Supreme Court decided Hall v. Florida [— U.S. -], 134 S.Ct. 1986 [188 L.Ed.2d 1007] (2014), did he have the basis for asserting an intellectual disability claim. The trial court rejected the motion as time barred, concluding there was no reason that Rodriguez could not have previously raised a claim of intellectual disability based on Atkins v. Virginia, 536 U.S. 304 [122 S.Ct. 2242, 153 L.Ed.2d 335] (2002). The trial court further concluded that Rodriguez could not have relied on Cherry v. State, 959 So.2d 702 (Fla.2007), which established the bright-line cut-off of 70 for IQ scores disapproved of in Hall, because he never raised an intellectual disability claim after Atkins as required by Rule 3.203.
We have considered the issues raised, and affirm the trial court's denial of Rodriguez’s motion as time-barred for the reasons stated by the trial court.

Id.

Turning to this case, the trial court relied, in part, on this Court’s decision in Cherry in denying Walls relief. The bright-line cut-off of 70 for IQ scores announced in Cherry and relied on by the trial court in Walls’ case has been explicitly rejected by the United States Supreme Court’s decision in Hall. Hall, 134 S.Ct. at 2000. Specifically, the trial court in this case denied Walls relief on his intellectual disability claim because Walls’ lowest IQ score of 72 did not meet the definition of subaverage intellectual functioning, as interpreted by Cherry. See majority op. at 344. This Court affirmed the trial court’s decision, finding “no evidence that Walls has ever had an IQ of 70 or below.” Walls v. State (Walls IV), 3 So.3d 1248 (Fla. 2008).
Because Walls’ eligibility or ineligibility for execution must be determined in accordance with the correct United States Supreme Court jurisprudence, this case is a prime example of creating a manifest injustice if we did not apply Hall to Walls. Walls has yet to have “a fair opportunity to show that the Constitution prohibits [his] execution.” Hall, 134 S.Ct. at 2001. “Uniquely, capital punishment ... connotes special concern for individual fairness because of the possible imposition of a penalty as unredeeming as death.” Witt v. State, 387 So.2d 922, 926 (Fla.1980).
More than fundamental fairness and a clear manifest injustice, the risk of executing a person who is not constitutionally able to be executed, trumps any other considerations that this Court looks to when determining if a subsequent decision of the United States Supreme Court should be applied. At stake in this case is a principle that could not be better expressed than in the words of Justice Kennedy writing for the majority in Hall:
The death penalty is the gravest sentence our society may impose. Persons facing that most severe sanction must *349 have a fair opportunity to show that the Constitution prohibits their execution. Florida’s law contravenes our Nation’s commitment to dignity and its duty to teach human decency as the mark of a civilized world. The States are laboratories for experimentation, but those experiments may not deny the basic dignity the Constitution protects.
134 S.Ct. at 2001. For all these reasons, I concur with the majority opinion that Walls is entitled to a new evidentiary hearing pursuant to the United States Supreme Court’s decision in Hall.